UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | C.A. No. 09-475S |
| | : | |
| ONE LOT OF $6,035 IN U.S. CURRENCY, et al. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States District Court

Before the Court for Report and Recommendation (28 U.S.C. § 636(b)(1)(B), LR Cv 72(a)) is the Government's Motion to Dismiss Pending Claims. (Document No. 11). The Claimants are represented by counsel but have not filed any opposition to the Government's Motion and the time for filing opposition has expired. LR Cv 7(b)(1). For the following reasons, I recommend that the Government's Motion to Dismiss Pending Claims be GRANTED.

**Background**

The Government initiated this forfeiture proceeding on October 2, 2009 seeking to forfeit three lots of U.S. Currency totaling approximately $16,000.00. According to the Verified Complaint and Supporting Declaration of D.E.A. Taskforce Agent Dennis Smith, the currency was intended to purchase a large quantity of marijuana for later distribution. (Document No. 1). On November 24, 2009, Hakeen Duke, Jennifer Feliciano, Alfred Reid and Reynaldo Irizarry (the "Claimants"), filed timely claims through counsel for return of the currency. (Document No. 5). It is undisputed that all four of the Claimants were present at or near the scene at the time of the seizure. Two of the Claimants (Feliciano and Irizarry) were arrested by the Pawtucket Police and later plead nolo contendere in Rhode Island District Court to misdemeanor marijuana possession charges.

On August 25, 2010, a Settlement Conference was held before the Court. Although the Claimants' attorney was present, none of the Claimants personally appeared for the Conference as required by the Court's Settlement Conference Order. (Document No. 10). The Claimants' attorney indicated at the Conference that the absence of her clients was due to their non-responsiveness to her communications.

**Discussion**

As noted above, the Claimants are represented by counsel in this matter, and no opposition has been filed to the Government's Motion. Thus, it may be GRANTED as unopposed. LR Cv 7(b)(1). In addition, on the merits, the Government represents in its unopposed Motion that the Claimants have failed to respond to written discovery requests served on April 25, 2010. (Document No. 11 at pp. 2-3). The Government represents that it has "repeatedly" contacted the Claimants' counsel about obtaining responses to the written discovery requests and dates to depose the Claimants, and that the Claimants' counsel has responded that, "despite her best efforts," the Claimants are not providing her with discovery responses or deposition dates. Id.

Thus, in view of the Claimants' failures to (1) attend the Settlement Conference as ordered; (2) file any opposition to the Government's Motion to Dismiss; and (3) respond to discovery, I recommend that the Government's unopposed Motion to Dismiss the Pending Claims of Claimants Duke, Feliciano, Reid and Irizarry (Document No. 11) be GRANTED and that all such Claims be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the

District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 17, 2010